| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**Greenbaum, Rowe, Smith & Davis LLP**<br>Metro Corporate Campus One<br>P.O. Box 5600<br>Woodbridge, New Jersey 07095<br>(732) 549-5600<br>Attorneys for Debtor, Vintage Associates, LLC<br>David L. Bruck, Esq.<br><br>**The Kelly Firm**<br>1011 Highway 71, Suite 200<br>Spring Lake, New Jersey 07762-2030<br>(732) 449-0525<br>Attorney for Debtor, Henry V. Vaccaro, Sr.<br>Andrew J. Kelly, Esq. | |
| In re:<br><br>**VINTAGE ASSOCIATES, LLC,**<br><br>               Debtor. | Chapter 11 Proceeding<br><br>**Lead Case No.: 13-17941 (CMG)**<br><br>*Jointly Administered* |
| In re:<br><br>**HENRY V. VACCARO, SR.,**<br><br>               Debtor. | Chapter 11 Proceeding<br><br>**Case No.: 13-17946 (CMG)** |
| In re:<br><br>Vintage Associates, LLC and Henry V. Vaccaro, Sr.,<br>               Plaintiffs,<br><br>v.<br><br>Nance Hutter, Gerhard P. Hutter, and Industrial Distribution Corp.,<br><br>               Defendants. | Adv. Proceeding No. 13-01887 |

**OBJECTION AND RESPONSE TO MOTION TO DELAY THE AUCTION OF PROPERTY OF THE ESTATE AND FOR OTHER RELATED RELIEF**

Vintage Associates, LLC ("Vintage") and Henry V. Vaccaro, Sr. ("Vaccaro") (collectively, the "Debtors"), by way of Objection and Response to the Motion to Delay the

3078013.2

Internet Auction of the Memorabilia and for other related Relief (the "Motion") filed by Nance Hutter, Gerhard P. Hutter and Industrial Distribution Corp. (the "Hutters"), state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§137(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## FACTUAL BACKGROUND

2. On April 16, 2013 (the "Petition Date"), Vintage and Vaccaro each filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. Prior to the Petition Date, Vintage had acquired a warehouse full of memorabilia belonging to members of the Jackson family (the "Memorabilia").

4. Since the Petition Date, the Debtors have remained in possession of their assets and Vintage continues management of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. Pursuant to an Order entered on May 15, 2013, the two Chapter 11 cases are being jointly administered.

6. On September 3, 2013, the Debtors filed an adversary proceeding against the Hutters pursuant 11 U.S.C. §506 to determine the extent, validity and priority of lien or other interest claimed by the Hutters in property of the Debtors' estates by virtue of a UCC filing.

7. On December 23, 2013, this Court entered an Order Confirming the First Modified Plan of Reorganization of Debtor, Vintage Associates, LLC. The Confirmation Order is final.

8.  On January 24, 2014, this Court entered an Order Confirming the First Modified Plan of Reorganization of Debtor, Henry V. Vaccaro, Sr. The Confirmation Order is final.

9.  Pursuant to the terms of the confirmed Plans of Reorganization, the Memorabilia is to be sold through an internet auction scheduled for September 10 through 19, 2014.

10. On August 27, 2014, the Hutters filed a motion on short notice to, among other relief sought, delay the internet auction proceeding (the "Motion") (Docket No. 122). The Motion refers to exhibits not attached to the Motion but attached to the Hutters' objection to the Debtors' August 15, 2014 Motion to Extend Time Period for Filing Pre-Trial Briefs (the "Objection") (Docket No. 25).

11. The Debtors object to the relief sought in the Motion as set forth herein.

## RESPONSE TO MOVANT'S ARGUMENT

12. The Motion to, among other related relief, delay the auction, which auction was previously ordered by the Court as part of the Reorganization Plans, is predicated on a number of misapprehensions, speculations and misstatements. In order to respond to the Hutters' allegations fully, this objection will respond to the Hutters' submission by reference to the paragraphs of their Motion.

1.  The quoted statement by Mr. Bruck does not weigh upon the likelihood of the auction resulting in the distribution to unsecured creditors, but stands for the simple proposition that if the Debtors' assets as liquidated are insufficient to satisfy secured creditors' claims, no distribution will be made to unsecured creditors.

2.  The value of the Memorabilia set forth in the Disclosure Statement was an estimate; based upon discussions between Vaccaro and potential purchasers, as was the proposed distribution. None of the discussions with potential purchasers proved fruitful. It is unclear why the Hutters state that $4,000,000 is far below the market value.

3

3078013.2

Presumably, such statement relates to their misunderstanding of the "value" of the Debtor's assets set forth in certain Certificates of Authenticity (the "Certificates"). Specifically, the Certificates (see ¶5 of the Motion and Exhibit B to the Objection) reference "363m bankruptcy purchase." The 363m refers to Bankruptcy Code provision 363(m) pursuant to which the original sale of the Memorabilia to Vintage was made, rather than the "millions" for which the assets were purchased.

3. No additional independent inventory of the Memorabilia was made by the Debtor or by the Debtors' professionals prior to the Petition Date. The inventory attached to the Petition is the original inventory made at the time of the Guernsey auction at which many items were sold. The auctioneer retained by the Debtor has inventoried all items in the scheduled auction and that inventory has been provided to the Court.

4. The Debtors have no control over how much the auction will ultimately generate, except to retain and cooperate with a reputable auctioneer, which they did. The auctioneer's retention was approved by the Court. The Hutters did not object to the retention of the auctioneer. The auctioneer's fee was approved by the court. The professional fees are subject to the Court's approval and are subordinate to the claims of the IRS and the auctioneer.

5. The property of the Estate has not "mysteriously disappeared". The whereabouts of the Memorabilia are detailed in the certification of Henry Vaccaro, Sr. which is Exhibit C to the Debtor's August 28, 2014 letter to the Court attached hereto as <u>Exhibit 1.</u> As to the repeated reference to $363 million, please see ¶2, supra. As to the Hutters' claim that they were granted a lien in October of 2006, please note that the Hutters filed a UCC on July 14, 2009; accordingly any claim to a lien prior to 2009 is specious.

4

6. As to the timing of the sale, the auction is currently scheduled for September 10th through the 19th. At a hearing before the Court on July 10, 2014, the Hutters objected to the late August auction date originally proposed and suggested a date after the Labor Day holiday. The Court authorized the auction to be held after Labor Day. The date for the auction is actually that as proposed by the Hutters. As evidenced by the website printout from the auctioneer, Gotta Have It, attached as Exhibit A to Exhibit 1, the auction is well advertised. The website has been up since August 30, 2014.

7. Auctions are recognized as a time proven means of establishing fair market value in the absence of a negotiated contract. The auction is intended to establish the value of the Memorabilia. Fair market value is what will be paid by willing buyers at the auction.

8. The allegation in ¶8 is sheer speculation and does not require a response. The auctioneer will generate a list of purchasers and prices paid for each lot which will be attached to the application for payment of fees and expenses to be filed with the Court. If the Hutters have an objection it can be raised at that time.

9. The Hutters' claimed lien, if determined to be valid, attached, if at all, at the time the Hutters filed the UCC, which was July 14, 2009. In fact, the validity and extent of the Hutters' lien is the very subject matter of the extant adversary proceeding. The Debtors reserve all rights with respect thereto. Significantly, the Hutters filed a proof of claim against Henry Vaccaro, Sr. and not against Vintage Associates.

10. As set forth in the preceding paragraph, the Hutters may, at best, have a lien on the Memorabilia that belonged to Vintage Associates as of the date the Hutters filed the UCC in July 2009. There is no evidence that Vintage sold any Memorabilia after it filed this Chapter 11 proceeding.

5

11. The details of the upcoming auction are set forth in the Exhibit 1 which includes a comprehensive list of the items and collections being offered for auction (Exhibit B of Exhibit 1). For the explanation as to the "missing" items, please refer to the Certification of Henry V. Vaccaro, Sr. (Exhibit C of Exhibit 1).

12. It is unclear which "records" are referenced.

13. The allegations contained in ¶13, are addressed in ¶¶ 2, 5 and 11. Also, please see the catalogue of the 553 items that will be auctioned. (Exhibit B of Exhibit 1).

14. Please see the advertisement announcing the auction – which is Exhibit A to Exhibit 1 attached hereto. We have been informed by the auctioneer that a brochure was printed and sent to over 10,000 bidders. The auction was also advertised in two leading collectors' magazines where full page ads were placed and a series of email blasts were sent to over 150,000 collectors. In addition, a press conference is scheduled next week with a publicist in an effort to generate interest, potentially worldwide.

15. Further delaying the auction will disrupt the auctioning process currently in progress. All information requested by the Hutters has been provided. Moreover, the delay will further increase the administrative cost of these proceedings.

16. The Plans of Reorganization filed by the Debtors and confirmed by this Court approved the auction of the Memorabilia. The Hutters did not object to the Confirmation Orders, which are now final.

## ARGUMENT

13. Uncluttered from various inaccuracies and misstatements, the Hutters' argument is that the auction should not now take place because some Memorabilia are missing and because the auctioneer has estimated that the sale will likely generate $500,000 to $2 million rather than $350 million that they disingenuously assert it should generate. Even assuming that some items

are missing – which as explained in Vaccaro Cert. is not the case – the auction should go forward. It is in everyone's best interest to ascertain the value of the assets currently in Debtors' possession as that value will facilitate further decisions in the administration of the case such as whether there are sufficient funds to pursue litigation to recover assets still in Lee Durst's possession as well as whether the within adversary proceeding will be rendered moot because of a lack of liquidity to satisfy claims.

14. The value of the Memorabilia can only be ascertained by putting the lots and collections on the market. The Hutters will not be prejudiced by permitting the auction to proceed as ordered. In fact, prejudice will result should the Court grant the Motion to delay the auction which will generate more litigation and administrative expenses, further diminishing the Estate. The Memorabilia will be sold and the Debtors will then be in a position to continue liquidation of this case.

15. The remaining relief sought in the Motion, including (a) requiring the Court to approve the price achieved for each item before the sale is final; (b) directing the Debtors to produce a current inventory; and (c) verification that the sale is being properly advertised; are dealt with heretofore. The auction was approved by the Court as was the auctioneer and the mechanics of the auction. This is an auction of over 500 items including many lots. The Court did not require that the actual prices be approved before the Auction became final because doing so would not be productive. An auction of this kind must be final when the hammer comes down. The Debtors have provided both the inventory and the proof of advertisement.

3078013.2

For the above reasons, it is respectfully requested that the Hutters' Motion be denied.

| | |
|---|---|
| Greenbaum, Rowe, Smith & Davis LLP<br>Attorneys for Vintage Associates, LLC | The Kelly Firm<br>Attorneys for Henry V. Vaccaro, Sr. |
| **/s/David L. Bruck**<br>By:_____<br>David L. Bruck, Esq. | **/s /Andrew J. Kelly**<br>By:_____<br>Andrew J. Kelly, Esq. |
| Dated: September 4, 2014 | Dated: September 4, 2014 |

3078013.2